1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

       Plaintiff

     v.

CHRISTIN GUILLORY,

       Defendant.

CASE NO. CR23-77RSM

ORDER DENYING MOTION TO REDUCE
SENTENCE

14

15

16

17

18

19

      This matter comes before the Court on Defendant Christin Guillory's Motion for Sentence Reduction. Dkt. #30. Defendant moves for a two-point reduction pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821, Part B, Subpart 1 (Zero Point Offender) to the Sentencing Guidelines. *Id.* at 1. The Court has reviewed responsive briefing from the Government, Dkt. #35. No reply brief was filed by the deadline set by the Court. *See* Dkt. #32.

20

21

22

23

24

      In May 2023, Ms. Guillory entered guilty pleas in this district to Wire Fraud and Filing a False Tax Return. *See* Dkts. #8–12. Specifically, using various fraudulent schemes over a period of nearly eight years, Guillory embezzled over $2.5 million from her employer. She willfully failed to report these funds as income on her federal tax returns, causing a tax loss of more than $500,000.

25

26

27

      At the sentencing hearing on August 29, 2023, this Court already granted Ms. Guillory a two-offense-level reduction in anticipation of the Zero-Point Offender provision that had recently

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

been published in then-proposed Amendment 821.  After the Zero-Point Offender adjustment, the Court concluded Guillory's Total Offense Level was 22 at Category I, resulting in an applicable sentencing range of 41 to 51 months. The Court then imposed a custodial sentence well below this range: 36 months.  *See* Dkt. #28 at 2.

Ms. Guillory continues to serve this sentence, with a BOP projected release date in March 2026.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendment below, and has articulated the policy and proper procedure for implementing those amendments.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points.  On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the Government that "[b]ecause Guillory was already granted the benefit of the Zero-Point Offender adjustment at her original sentencing, application of that provision to her sentencing calculation now does not have the effect of lowering her range." Dkt.

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

#35 at 5.   Because retroactive application of the amendment does not reduce Guillory's sentencing range, her Motion fails at the first step.[1] Defendant offers no responsive argument to this point.  Accordingly, Amendment 821's retroactive Zero Point Offender amendment does not reduce Guillory's sentencing range, and her Motion must be denied.  The Court need not consider the § 3553(a) factors.

Having considered Defendant's Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Guillory's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Dkt. #30, is DENIED.

DATED this 22nd day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] USSG § 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

ORDER DENYING MOTION TO REDUCE SENTENCE – 3